**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| SOGEL GONZALEZ ROBLES, | § | |
|     Petitioner, | § | |
| | § | 3:15-CV-3306-G |
| v. | § | 3:14-CR-0395-P |
| | § | |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the

provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the

United States District Court for the Northern District of Texas.  The Findings, Conclusions and

Recommendation of the United States Magistrate Judge follow:

**I.  Procedural Background**

Petitioner filed this petition to vacate, set-aside, or correct sentence pursuant to 28 U.S.C.

§ 2255.  Petitioner pled guilty to illegally reentry after deportation and was sentenced to 54

months in prison.  On April 30, 2015, the Fifth Circuit Court of Appeals dismissed his appeal.

*United States v. Robles*, 600 Fed. Appx. 951 (5th Cir. 2015).

On October 14, 2015, Petitioner filed this § 2255 petition.  He argues:

1.      His First Amendment rights were violated when he was not allowed to speak to

      the court regarding his fears about returning to El Salvador;

2.      His prior expedited removal proceedings violated his constitutional rights; and

3.      He received ineffective assistance of counsel when counsel did not provide him

      sufficient support and failed to advise him of his rights.

Page 1

On December 14, 2015, the government filed its answer.  On January 12, 2016, Petitioner filed a reply.  In his reply, Petitioner also argues his counsel told him he would receive a sentence of no more than two years in prison, and that prosecutors would dismiss the illegal reentry charge because it was a mistake.  The Court finds the petition should be denied.

## II.  Factual Background

The following factual background is taken from the PSR.

In mid-2005, police in Laredo, Texas, encountered Petitioner who was an illegal alien from El Salvador.  They transferred him to the custody of the United States Border Patrol, and he later pled guilty to illegal entry.  The detention facility was full, so he was issued a notice to appear in immigration court for removal proceedings.  He failed to appear and instead moved to New York.  In New York he was convicted of driving under the influence and second-degree rape of a child under 15 years old.  Following these convictions, an immigration judge ordered his removal, and on January 28, 2010, he was removed to El Salvador.

On August 25, 2013, police encountered Petitioner in Irving, Texas, when his ex-girlfriend called to report that he sent her a text message threatening to break into her apartment and that she was across the street when she saw him break the front window and enter her apartment.  The police arrived and ordered Petitioner out of the apartment.  Petitioner was eventually released to immigration officials.

Petitioner was charged with failure to register as a sex offender and illegal reentry after deportation.  He pled guilty without a plea agreement to the immigration offense only.  The government later dismissed the failure to register charge.  The district court sentenced Petitioner within his advisory guideline range to 54 months in prison.

### III.  Discussion

**1.      Procedural Bar**

The government argues Petitioner's claims that his First Amendment rights were violated, and his prior removal proceedings violated his constitutional rights, are procedurally barred because he failed to raise the claims on direct review.

When a defendant fails to raise a claim on direct appeal, the claim is procedurally defaulted, and can only be considered under § 2255 if petitioner can show cause for his failure to raise the claim on direct appeal, and actual prejudice, or that he is actually innocent.  *Bousley v. United States*, 523 U.S. 614, 622 (1998); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996); *United States v. Acklen*, 47 F.3d 739, 741-42 (5th Cir. 1995).  In this case, Petitioner has failed to show cause for his failure to raise the claims and has also failed to argue, or show, that he is actually innocent.  These claims are therefore procedurally barred.

**2.      Ineffective Assistance of Counsel**

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight."  *Strickland*, 466 U.S. at 689.  Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice.  To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would

have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

Petitioner claims his counsel was ineffective when she failed to "support" him and failed to inform him of his right to "temporary protection status." Petitioner does not explain his claim that counsel failed to "support" him. As to Petitioner's claim that counsel should have informed him of his right to "temporary protection status," Petitioner has failed to show that he was eligible for this status. An alien is not eligible for this status if he has been convicted of any felony in the United States. *See* 8 U.S.C. § 1254a(c)(2)(B). Since Petitioner had been convicted of a felony, he was not eligible for temporary protection status, and his counsel was not ineffective for failing to raise this issue. *See United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995) (stating counsel is not required to make frivolous arguments or motions).

Petitioner also claims he was under psychological pressure which rendered him unable to speak during the proceedings. The record shows, however, that Petitioner addressed the court at sentencing and made a statement. (Sent. Tr. at 7.)

In his reply, Petitioner also raised the new claims that his counsel told him that if he pled guilty, he would be sentenced to no more than two years in prison, and the government would dismiss his unlawful reentry charge because it was a mistake.

Petitioner's claims, however, are contradicted by the record. At rearraignment, the court informed Petitioner that his maximum sentence exposure was twenty years in prison, and

Petitioner stated he understood.  (Rearr. at 4-5.)  Petitioner also stated he understood that if his

sentenced ended up being higher than he expected, he would still be bound by his guilty plea.

(*Id*. at 5-6.)  He stated he understood that his sentence could be higher than the guideline range.

(*Id*. at 6.)  Petitioner agreed that he was pleading guilty freely and voluntarily, that no one had

tried to force or coerce him into pleading guilty, and that no one had promised him any benefit in

exchange for his guilty plea.  (*Id*. at 9.)  Petitioner's conclusory ineffective assistance of counsel

claims are contradicted by the record and are without merit.

## IV.  Recommendation

For the foregoing reasons, the Court recommends that the motion to correct, vacate or set-

aside sentence pursuant to 28 U.S.C. § 2255 be denied.

Signed this 8th day of November,  2016.


PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).